**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>26-20114-CR-DSL</u>**

**UNITED STATES OF AMERICA**

**v.**

**MARTIN ESHO,**

 **Defendant.**
_____/

**GOVERNMENT'S RESPONSE TO**
**<u>THE STANDING DISCOVERY ORDER</u>**

The United States hereby files this response to the Standing Discovery Order (DE 11). This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16. In addition, pursuant to Federal Rule of Criminal Procedure 16.1, on April 13, 2026, the undersigned conferred via email with defense counsel of record about the timing and procedures for producing discovery.

A.  1.  The government will produce or provide access to all of the defendant's written statements within the government's possession, custody, or control.

2.  The government will produce or provide access to all of the defendant's oral statements within the government's possession, custody, or control.

3.  The portion of the written record containing the substance of any oral statements made by the defendant before or after arrest by any person then known to the defendant to be a government agent has been provided.

4.  The defendant did not testify before the Grand Jury.

5.  The defendant's prior criminal record, if any exists, will be made available upon receipt by this office.

6.  Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the United

States intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at:  the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. *All phone extractions and child sexual abuse material may be viewed at HSI Miami Field Office.*

7.      There were no physical or mental examinations. The results of any forensic testing will be provided upon receipt by the Government.

B.      DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.      The United States will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.      The United States will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.      The United States will disclose any prior convictions of any alleged co-conspirator, accomplice, or informant who will testify for the government at trial.

F.      No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G.      The United States has advised its agents and officers involved in this case to preserve all rough notes.

H.      The defendant is on notice that all evidence made available to him for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. § 2516 and 18 U.S.C § 2518 and that has been unsealed in accordance with 18 U.S.C § 2518.

J.      The United States has ordered and transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

2

K.        No controlled substance is involved in this indictment.

L.        The United States does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.        The United States is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.        The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

The United States is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

On April 13, 2026, the United States produced, via USAfx, discovery with an index listing the documents with page ranges "Esho_000001-Esho_000035" and one audio file.  Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:    */s/ Brianna Coakley*
        BRIANNA COAKLEY
        Assistant United States Attorney
        Court ID No. A5503184
        United States Attorney's Office
        99 NE 4th Street, 6th Floor
        Miami, Florida 33132
        (305) 961-9127
        Brianna.Coakley@usdoj.gov

3

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on April 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which provides electronic notice of the filing.

> */s/ Brianna Coakley*
> BRIANNA COAKLEY
> Assistant United States Attorney