UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 26-20114-CR-DSL

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARTIN ESHO,

Defendant.
_______________________________________/

**DEFENDANT'S REPORT REGARDING MENTAL HEALTH EVALUATION**

Defendant MARTIN ESHO, by and through undersigned counsel, submits this report pursuant to the Court's July 27, 2026, Order Setting Trial and Pretrial Schedule [Dkt. 32].

## I. THE EVALUATION

1. Defendant retained Mark Brenzinger, Psy.D., a licensed forensic and clinical psychologist practicing at Midwest Behavioral Risk Management, P.C., Schaumburg, Illinois. Dr. Brenzinger's forensic practice consists of psychosexual risk evaluations (pre-trial, post-conviction and pre-sentence, post-sentence, and for child-protection agencies); sex offender evaluations in state and federal cases; psychosexual evaluations addressing sexually problematic behaviors and sexual addiction; and violence risk and threat assessments.

2. Dr. Brenzinger evaluated Mr. Esho on August 13, 2026. He conducted a clinical interview of Mr. Esho. He separately interviewed Mr. Esho's sister, Niyan Esho, and met Mr. Esho's mother. Counsel has provided Dr. Brenzinger with the government's reports of investigation, the CBP border-search records, the recorded custodial interview, Mr. Esho's

secondary school records including his Individualized Education Program, and records obtained from the Illinois child-protection authority.

## II. THE RESULTS OF THE EVALUATION

3. On September 7, 2026, Dr. Brenzinger spoke to counsel regarding his evaluation and the below information is a non-verbatim summary of Dr. Brenzinger's opinions.

4. Risk of sexual offending: low. Dr. Brenzinger's opinion is that Mr. Esho's risk of sexual offending falls in the lowest available classification. Dr. Brenzinger advised that the instruments used in this field do not contain a "zero risk" category; "low" is the floor.

5. No treatment recommended. Dr. Brenzinger does not recommend sex-offender-specific treatment or any other clinical intervention arising from the conduct alleged in the Indictment.

6. Psychological testing could not be completed. Dr. Brenzinger was unable to administer his standard test battery. Dr. Brenzinger reported that he was not able to administer the full test battery as Defendant was unable to adequately read and comprehend English. Dr. Brenzinger has further advised counsel that the written materials comprising the battery are written at approximately a fourth- to seventh-grade reading level, and that Mr. Esho was unable to comprehend material at that level. Dr. Brenzinger does not administer Wechsler-scale intelligence testing, and the standardized instruments he does administer could not be used here for the reason stated.

## III. COMPETENCY REGARDING MIRANDA

7. Dr. Brenzinger's practice does not include competency evaluations. Counsel understood otherwise when Dr. Brenzinger was retained and learned within the past several days that competency evaluation is outside the scope of the services he offers. Dr. Brenzinger's

evaluation addressed risk. It did not address competency, and it did not address Mr. Esho's capacity at the time of his custodial interrogation.

8. The inability to administer testing is itself a material finding. An adult who cannot read and comprehend written material at a fourth- to seventh-grade level presents a question this Court will need answered. Now that Counsel has had several opportunities to sit and spend time with Defendant, counsel does not have a concern whether Defendant is competent to stand trial, but there are serious questions regarding whether he competently waived his Miranda rights on March 8, 2026.

9. Counsel is in the process of determining whether retaining a psychologist to conduct a separate competency evaluation is necessary. Defendant understands that all pre-trial motions are due October 1, 2026, and intends to abide by the Court's deadline.

10. Should the examination report not be completed in time to support a motion to suppress Defendant's custodial statements, counsel will file the motion on October 1 and seek leave to supplement rather than allow the deadline to pass.

## IV. DEFENDANT INTENDS TO PROCEED TO TRIAL

11. At this time, Defendant does not intend to change his plea. He maintains his innocence and intends to proceed to trial on December 7, 2026 as scheduled. Counsel will notify the Court and government immediately if Defendant intends to change his plea, with the understanding that any change of plea paperwork must be submitted to the Court no later than November 13, 2026.

Dated: September 8, 2026

Respectfully submitted,

***/s/ David Tarras***
David Tarras, Esq.
Florida Bar No. 125746
Law Office of David Tarras, PLLC
1200 North Federal Highway, Suite 300
Boca Raton, Florida 33432
Phone: (954) 592-9416
David@TarrasDefense.com

Matthew Amarin (admitted pro hac vice)
Amarin Law, PLLC
1935 W. Belmont Avenue
Chicago, Illinois 60657
(773) 503-8223
matthew.amarin.esq@gmail.com

Counsel for Defendant Martin Esho

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 8, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record.

***/s/ David Tarras***
David Tarras