**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 26-20114-CR-LEIBOWITZ

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARTIN ESHO,

Defendant.

_______________________________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE AND NOTICE OF INTENT TO INTRODUCE EVIDENCE UNDER RULES 414 AND 404(b)**

NOW COMES, Defendant Martin Esho, through undersigned counsel, and submits his opposition to the Government's Motion in Limine and Notice of Intent to Introduce Evidence Pursuant to Rule 414 and 404(B) of the Federal Rules of Evidence, Dkt. 37.

**INTRODUCTION**

The Government asks the Court to admit, in its case-in-chief, two categories of material that the charged statute does not reach: images its examiner tagged as AI-generated, and images it describes as "sexually suggestive depictions of minor children ('child erotica')." Dkt. 37, p. 1. It does not identify a single image. It states its purpose plainly: "to show the Defendant's propensity to commit crimes involving the exploitation and sexual abuse of minors, as well as his prurient sexual interest in children…." *Id.*, p. 4. That is the use Rule 404(b)(1) prohibits. Rule 414 does not rescue it, because possessing images that are not sexually explicit, or images that do

not depict a real child, is not "child molestation" as Rule 414(d)(2) defines it. And the Government concedes the Rule 403 problem in its own words: "The evidence in this trial – CSAM – is, if anything, less inflammatory than the AI images and child erotica that the Defendant seeks to keep out." *Id.*, p. 6.

Mr. Esho has moved to exclude the same material. Dkt. 38. The Court should deny the Government's motion.

## I. THE MOTION DOES NOT IDENTIFY THE EVIDENCE IT ASKS THE COURT TO ADMIT.

Rule 404(b)(3) requires the prosecutor to "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;" and to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose[.]" Fed. R. Evid. 404(b)(3)(A)–(B). Rule 414 requires the prosecutor to "disclose it to the defendant, including witnesses' statements or a summary of the expected testimony." Fed. R. Evid. 414(b). This Court's Order adds that "[a]ny notice submitted pursuant to Federal Rule of Evidence 404(b) shall include a specific factual basis for the evidence sought to be introduced." Dkt. 32, ¶ 4.

The motion identifies no image, file name, hash value, exhibit number, file path, date, or count. It does not say which device. It describes the location first as "a locked hidden folder on his phone," and then as "at least one of the Defendant's phones," Dkt. 37, p. 3. The Government's own forensic reports show why that matters. Its examiner tagged 50 records "Ai Content" and 18 records "Child Erotica" on the iPhone 14 Pro, and 310 records "Ai Generated" and 72 records "Child Erotica" on the iPhone X. Which of those records the Government will offer, and for what purpose each, is unknown. The Court cannot weigh probative value against unfair prejudice for evidence no one has described, and Mr. Esho cannot meet it.

The motion also argues that "[t]hese similarities weigh in favor of the admission of the prior conviction," and that "evidence of other similar acts of which he was convicted" should be admitted, Dkt. 37, pp. 6, 9. Mr. Esho has no prior conviction, and the Government identifies none. The motion also states that the Indictment charges a violation of "18 U.S.C. § 2251(a)(1) and (b)(1)." *Id.*, p. 2. It does not. Count 1 charges 18 U.S.C. § 2252(a)(1) and (b)(1). Dkt. 9.

## II. THE MATERIAL IS NOT INEXTRICABLY INTERTWINED WITH THE CHARGED OFFENSES.

Evidence is intrinsic if it is "linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) (quoting *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007)) (internal quotation marks omitted). The Government's only theory is location: the material "was located in the same place at the same time, namely a locked hidden folder on his phone." Dkt. 37, p. 3. Its own reports contradict that premise.

### 1. The Government's reports do not place the material in a hidden folder, or at the same time.

Neither forensic report identifies any record as residing in a hidden album; the word "hidden" does not appear in either report. On the iPhone X, 308 of the 310 records tagged "Ai Generated" and 70 of the 72 records tagged "Child Erotica" resolve to temporary thumbnail caches inside application containers, at paths of the form \private\var\mobile\Containers\Data\Application<GUID>\tmp\thumbnail_... The reports assign the iPhone X "Child Erotica" records dates between July 7 and December 6, 2022, and the "Ai Generated" records dates between November 23, 2021, and November 13, 2024. On the iPhone 14 Pro, the "Child Erotica" records are dated between December 18, 2023, and July 29, 2025.

The charged conduct occurred on or about March 7, 2026. Dkt. 9. Material dated years earlier, in automatically generated application caches, is not "linked in time and circumstances with the charged crime." *Troya*, 733 F.3d at 1131.

**2. Sharing a device is not enough.**

The Government falls back on the material being "in the same place – on at least one of the Defendant's phones." Dkt. 37, p. 3. If that were the test, everything stored on a telephone would be intrinsic to any charge involving any file on it. The case the Government relies on shows what more is required. In *United States v. Rodriguez Fernandez*, 833 F. App'x 803 (11th Cir. 2020) (unpublished), the court affirmed admission of "six images of child erotica found on Defendant's computer." *Id*. at 807. "Each of the six images of child erotica introduced at trial were stamped with the 'LS Models' logo," *id.*, and they were "saved in the same hidden location on Defendant's computer," *id*. On that record, "[t]he child erotica images illustrated Defendant's method of searching for, downloading, and storing child pornography files and, thus, helped complete the story of the offense." *Id.* Here the Government offers an unspecified number of images from among hundreds of tagged records, identifies no common source, has produced no search history, and does not address that most of the records sit in temporary application caches. *See United States v. Kuchinski*, 469 F.3d 853, 863 (9th Cir. 2006); *United States v. Dobbs*, 629 F.3d 1199, 1205 (10th Cir. 2011). Nothing in this record illustrates a "method of searching for, downloading, and storing."

**3. The charged story is complete without this material, and the Government's own tags do not separate it.**

The Government's examiner tagged thousands of records "csam photos" or "csam videos." Nothing in the account of the charged possession and transportation is missing if images the Government concedes are AI-generated or merely suggestive are left out. And the line the

Government draws between "CSAM" and "AI images and child erotica" is not the line its examiner drew. Around 308 of the 310 iPhone X records tagged "Ai Generated," and about 70 of the 72 iPhone X records tagged "Child Erotica," also bears the tag "csam photos"; on the iPhone 14 Pro, 42 of the 50 records tagged "Ai Content" also bear a CSAM tag. The Government asks the Court to admit as "other" evidence records its own examiner classified as the charged material. That confirms the need for the relief Mr. Esho seeks: exclusion of the AI-tagged and child-erotica-tagged records, Dkt. 38, and, at a minimum, identification of the depictions the Government will offer.

## III. RULE 414 DOES NOT APPLY, BECAUSE NEITHER CATEGORY IS "CHILD MOLESTATION."

Rule 414 permits evidence "that the defendant committed any other child molestation." Fed. R. Evid. 414(a). "Child molestation" means "a crime under federal law or under state law . . . involving," as relevant here, "any conduct prohibited by 18 U.S.C. chapter 110." Fed. R. Evid. 414(d)(2)(B). Mr. Esho does not dispute that the charged § 2252 offenses fall within that definition. The question is whether the other acts do. The Government must show that possessing each image it offers was itself a crime. It does not try. It says only that "the conduct in the depictions ***may*** violate state or federal law involving unlawful sexual conduct with a child." Dkt. 37, p. 4 (emphasis added). That is not a showing that Mr. Esho committed a crime.

### 1. Child erotica.

By the Government's own description, the material is "sexually suggestive." Dkt. 37, p. 1. Chapter 110 reaches depictions of "sexually explicit conduct," which means "actual or simulated—(i) sexual intercourse . . . ; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A). A depiction that is suggestive but not sexually explicit is not prohibited

by chapter 110, and the Government identifies no other statute its possession violates. *See United States v. Dean*, 135 F. Supp. 2d 207, 211 (D. Me. 2001) (excluding exhibits depicting apparent minors that did not meet the statutory definition, where "the images do not depict sexual intercourse, masturbation, bestiality, or sadistic or masochistic abuse" and did not show a lascivious exhibition). Possessing it is not a crime, and so it is not "child molestation."

**2. AI-generated images.**

Section 2252, the statute charged, reaches a depiction only if "the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2252(a)(1)(A), (a)(4)(B)(i). An image generated without using any minor is outside it. The Government cites no other chapter 110 provision. The federal statute addressed to obscene depictions of minors that need not be real, 18 U.S.C. § 1466A, sits in chapter 71, not chapter 110, and so is not a Rule 414(d)(2)(B) offense. If the Government means to rely on the "indistinguishable" prong of 18 U.S.C. § 2256(8)(B), it has not said so, and it would have to show that each image is one that "an ordinary person viewing the depiction would conclude . . . is of an actual minor engaged in sexually explicit conduct." 18 U.S.C. § 2256(11). Its examiner's classification of the images as AI-generated is evidence of the opposite. That theory would also put the Court in the middle of an unsettled constitutional question. The Supreme Court struck down the earlier version of § 2256(8)(B), *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 258 (2002), holding that "[v]irtual child pornography is not 'intrinsically related' to the sexual abuse of children," *id.* at 250. And the Seventh Circuit recently held that § 1466A(b)(1) is "unconstitutional as applied" to the in-home possession of images the government conceded "do not depict an actual child." *United States v. Anderegg*, No. 25-1354 (7th Cir. Aug. 25, 2026). The

Court should not admit propensity evidence on a theory of criminality the Government has not articulated.

**3. The Government's cases involved prior crimes against children.**

By the Government's own descriptions, every case it cites for admitting other acts under Rule 414 involved a prior conviction or a prior act of sexual abuse or assault. Dkt. 37, pp. 5–6. None admitted lawful images, or images of no real child, as "child molestation." And, as the Government acknowledges, evidence offered under Rule 414 remains subject to Rule 403. *Id.*, p. 6.

## IV. RULE 404(b) DOES NOT PERMIT THE GOVERNMENT'S STATED USE.

Rule 404(b)(1) bars evidence of another act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The Government's stated purposes are character: "propensity," "prurient sexual interest in children," and "persistent sexual interest in children." Dkt. 37, pp. 4, 6. The remaining purposes, "motive, intent, plan, and lack of mistake or accident," *id.*, p. 4, are listed without the "reasoning that supports the purpose" Rule 404(b)(3)(B) requires. Each, as the Government argues it, runs through the same inference: a man who has suggestive or virtual images of children is the kind of man who would knowingly possess real ones. That is the inference the Rule forbids.

The Government's own test requires, first, relevance to an issue other than character and, second, "sufficient proof so that a jury could find that the defendant committed the extrinsic act." Dkt. 37, p. 8. In the Government's own authority, a prior conviction supplied that proof: "Because Brillhart was convicted of the prior offense, there is sufficient proof for a jury to find that he possessed child pornography on that previous occasion." *United States v. Brillhart*, No.

2:22-cr-53-SPC-NPM, 2023 WL 6794229, at *3 (M.D. Fla. Oct. 13, 2023). Mr. Esho has no prior conviction. On the second prong, most of the records are thumbnails in application caches. There is no evidence that Mr. Esho knew of them, opened them, or could reach them. *See Kuchinski*, 469 F.3d at 863 ("Where a defendant lacks knowledge about the cache files, and concomitantly lacks access to and control over those files, it is not proper to charge him with possession and control of the child pornography images located in those files, without some other indication of dominion and control over the images."); *Dobbs*, 629 F.3d at 1205.

The Government also relies on its assertion that Mr. Esho "claimed that the images were downloaded 'accidentally.'" Dkt. 37, p. 9. It gives no time stamp, and the statements it relies on are the subject of Mr. Esho's pending motion to suppress. Dkt. 40. Whether absence of mistake will be a genuine issue at trial depends on that ruling and on the defense presented. Any ruling admitting other-act evidence for that purpose should be deferred until then.

## V. RULE 403 REQUIRES EXCLUSION.

"'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 advisory committee's note). In weighing probative value, the "availability of other means of proof may . . . be an appropriate factor." *Id.* at 184 (quoting Fed. R. Evid. 403 advisory committee's note). Each consideration points one way here.

First, the Government concedes that the uncharged material is more inflammatory than the charged material: "The evidence in this trial – CSAM – is, if anything, less inflammatory than the AI images and child erotica that the Defendant seeks to keep out." Dkt. 37, p. 6.

Evidence the proponent describes as more inflammatory than the crime charged is the paradigm of evidence that invites decision on an emotional basis.

Second, the material would confuse the central factual question. The jury must decide whether the charged depictions show real minors. Placing images the Government's examiner tagged as AI-generated alongside them, many of which the same examiner also tagged as CSAM, invites the jury to convict on depictions § 2252 does not reach and to resolve by revulsion the question the statute requires it to resolve by proof. It would also require a trial within the trial over which images are real.

Third, the probative value is marginal. The Government has thousands of records it tagged as CSAM. Images that are not sexually explicit, or not of real children, add nothing to proof of knowing possession that the charged files do not already supply, except the propensity inference. *See Dean*, 135 F. Supp. 2d at 212 (excluding, under Rule 403, an exhibit of "approximately 370 images, many of which Defendant could possess legally," given the Government's other admissible evidence).

## VI. ALTERNATIVE RELIEF

If the Court does not deny the motion outright, Mr. Esho asks that the Court (1) order the Government to identify, by exhibit number, device, file path, and hash value, each image it intends to offer under Rule 414, Rule 404(b), or as intrinsic evidence, and the specific purpose for each, by a date the Court sets; (2) defer ruling until it has reviewed the identified images outside the jury's presence; (3) defer any ruling on admission for absence of mistake until it has decided the motion to suppress and heard the defense case; (4) limit the number of images admitted; and (5) give a limiting instruction at the time of admission and in the final charge.

## CONCLUSION

The Court should deny the Government's Motion in Limine, Dkt. 37, and exclude the material tagged as AI-generated and as child erotica.

Dated: October 15, 2026

Respectfully submitted,

***/s/ David Tarras***
David Tarras, Esq.
Florida Bar No. 125746
Law Office of David Tarras, PLLC
1200 North Federal Highway, Suite 300
Boca Raton, Florida 33432
Phone: (954) 592-9416
David@TarrasDefense.com

Matthew Amarin (admitted pro hac vice)
Amarin Law, PLLC
1935 W. Belmont Avenue
Chicago, Illinois 60657
(773) 503-8223
matthew.amarin.esq@gmail.com

Counsel for Defendant Martin Esho

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 15, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record.

***/s/ David Tarras***
David Tarras