**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-20114-DSL**

**UNITED STATES OF AMERICA**

**v.**

**MARTIN ESHO,**

**Defendant.**
_______________________________________/

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its response to the Defendant's Motion for Bill of Particulars. (DE 39)("Motion"). The Defendant's Motion should be denied as untimely, since more than 6 months have lapsed since the Defendant's arraignment in this case and the defendant has not obtained the Court's permission to file this Motion. Fed. R. Civ. P. 7(f). Alternatively, the Court should deny the Defendant's Motion on the merits, because the indictment and discovery in this case are sufficient to put the Defendant on notice of the charges against him, allow him to prepare for trial, and enable him to plead double jeopardy in the event of a later prosecution for the same offense.

## I. Factual Background

The Defendant, a United States Citizen who resides in Illinois, was arrested in the Southern District of Florida after arriving at Miami International Airport from Colombia. Upon entry, Customs and Border Patrol (CBP) conducted a border search of the Defendant's two cellular telephones (collectively, the "DEVICES"). Law enforcement found sexually explicit visual depictions of minors on the DEVICES.

On March 7, 2026, the defendant was arrested for Transportation of Material Involving Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(1) and (b)(1) and one count of Possession of Material Involving Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2), pursuant to a criminal complaint. (DE 1). A grand jury sitting in the Southern District of Florida subsequently returned an indictment charging the same.

On April 13, 2026, the United States produced discovery and filed a Response to the Standing Discovery Order. (DE 14). The disclosure included the Defendant's recorded statements and written reports from law enforcement officers. The United States' discovery response noted that the entire extraction of the DEVICES, including the sexually explicit depictions of minors was available for review at the Homeland Security Investigations Field Office in Miami, Florida.

On June 12, 2026, the United States filed a second response to the Standing Discovery Order. (DE 20). This response included forensic extraction reports from each of the DEVICES with identified attribution evidence and identified notable files (without the depictions).[1] The notable files include the file name, file path and the law enforcement generated preliminary categorization of more than 5,000 depictions. The entire forensic extraction, including the depictions themselves remained available for review at the Homeland Security Investigations Field Office. On June 16, 2026, the Defendant's expert, Aaron Weiss, conducted an evidence view at Homeland Security Investigations Field Office. Defendant's then attorney, Robert Malove, was not present for the evidence view. Mr. Weiss's examination took place over the course of approximately six hours, and he was permitted to create and keep his own forensic reports as long as they did not include child sexual abuse material.

---

[1] All information in these reports was previously available to the defense in the complete forensic extractions.

On July 17, 202, the Court granted the Defendant's Motion for a substitution of counsel. Thereafter, the United States conferred with the Defendant's new attorney and re-produced discovery. On July 30, 2026, the United States offered, via email, to schedule an evidence view with new counsel. At no point, prior to the filing of this Motion did the Defendant's present counsel conduct or attempt to conduct an evidence review at HSI to review the digital discovery in this case. Only after the filing of their Motion did Defense counsel request an evidence view. The evidence view is presently scheduled for October 16, 2026—the date requested by the Defendant.

The Defendant now requests a bill of particulars to determine, without having viewed the evidence, what "any visual depiction" refers to because that is the "charge not the evidence." (DE 39 at 1-2).

## II. The Law on Bills of Particulars

Federal Rule of Criminal Procedure 7(f) provides that:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The law surrounding bill of particulars motions is well established. "The purpose of a true bill of particulars is threefold: 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir.1985)); *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir.1978) (explaining that the "purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy").

It is also axiomatic, however, that "the purpose [of a bill of particulars] is *not* to provide detailed disclosure before trial of the government's evidence." *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977) (affirming denial of defendant's bill of particulars request because it "went well beyond the information necessary to enable him to prepare for trial and to avoid surprise") (emphasis added). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation. Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill." *Anderson*, 799 F.2d at 1441 (emphasis in the original) (citing *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir.1981)) ("[t]o allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule"); *Davis*, 582 F.2d at 951 ("it is well established that generalized discovery is not a permissible goal of a bill of particulars"); *Overton v. United States*, 403 F.2d 444, 446 (5th Cir. 1968) ("it is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial"); *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) (a bill of particulars "may not be used to obtain a detailed disclosure of the government's evidence prior to trial") (citing *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973)).

Further, "[b]ecause a bill of particulars confines the government's proof to the particulars furnished, requests for bills of particulars should not be granted where the consequence of granting the request would be to restrict unduly the government's ability to present its case." *United States v. Massino*, 605 F. Supp. 1565, 1582 (S.D.N.Y. 1985), *rev'd on other grounds*, 784 F.2d 153 (2d Cir. 1986) (citing *United States v. Glaze*, 313 F.2d 757, 759 (2d Cir.1963)); *United States v. Smith*, 776 F.2d 1104, 111 (3d Cir. 1985) (noting that "a bill of particulars, like the indictment, is designed to define and limit the government's case" and "[a]s

with the indictment, there can be no variance between the notice given in a bill of particulars and the evidence at trial").

It is equally fundamental that "a defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'" *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (quoting *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986)); *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) ("a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means"); *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987) ("if the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required"); *United States v. Sullivan*, 421 F.2d 676, 677 (5th Cir. 1970). It is also "not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

Whether to grant a Motion for a bill of particulars "rests within the sound discretion of the trial court." *United States v. Draine*, 811 F.2d 1419, 1421 (11th Cir. 1987). "[R]efusal by a court to grant a bill of particulars is reversible error only if it can be shown that the defendant was actually surprised at trial and thereby suffered prejudice to his substantial rights." *Knight v. Dugger*, 863 F.2d 705 (11th Cir. 1998) (citing *United States v. Cole*, 755 F.2d 748 (11th Cir.1985) and *United States v. Williams*, 679 F.2d 504, 510 (5th Cir. 1982)). This Circuit has applied these principles to deny bills of particulars. *See, e.g.*, *Draine*, 811 F.2d at 1421 (affirming denial of bill of particulars even though the indictment "could have been more specific" when it listed the defendant's codefendants, gave notice of the elements, and provided discovery); *Colson*, 662 F.2d at 1391 (affirming denial of bill of particulars seeking, among other things, dates and

locations of alleged acts in furtherance of the conspiracy, noting that generalized discovery is not a proper purpose in seeking a bill of particulars).

## III. The Court Should Deny the Motion as Untimely

As an initial matter, the Court should deny the Motion as untimely. Pursuant to Federal Rule of Criminal Procedure 7(f), a Motion for a bill of particulars must be filed within 14 days of arraignment or at a later time if the Court permits. Here, given that the Defendant was arraigned on March 29, 2026, the Motion is six months late. Nor has the Defendant requested leave to file an untimely Motion.

## IV. A Bill of Particulars Is Not Warranted in this Case

Second, the Court should deny the Motion on the merits, because the proposed bill of particulars seeks information that was provided by the Indictment and discovery. *See United States v. Roberts*, 174 Fed. App'x 475, 477 (11th Cir. March 30, 2006) (citing *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990)). The indictment and the extensive discovery, which the Defendant's attorneys have not viewed, provided by the government in this case has informed the defendant of the charges against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offenses. *See Anderson* at 1441 (*citing United States v. Cole*, 755 F.2d 748,760-61 (11th Cir. 1985)).

In this case, the indictment itself tracks the language of the statutes charged, an important factor in the Court's consideration. *Id*. An indictment is sufficient under the Constitution and Federal Rule of Criminal Procedure 7(c)(1) to notify the defendant of the charges against him if it tracks the language of the statute. *United States v. Adkinson*, 135 F.3d 1363, 1375 n.37 (11th Cir. 1998) ("An indictment need do little more than track the language of the statute charged to be sufficient."); *United States v. Ramos*, 666 F.2d 469, 474 (11th Cir. 1982) ("It is generally sufficient

that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1942)). The indictment here does just that. The indictment puts the Defendant on notice that he is charged with violating two different federal statutes. These are clearly listed in the indictment, which tracks the language and includes the essential elements of the statutes charged.

To support their claim, the Defendant, points to a single case—*United States v. McGarity*. 669 F.3d 1218 (11th Cir). But in *McGartiy*, the Eleventh Circuit concluded, that an indictment that alleged that the Defendant "did knowing and willfully engage in a child exploitation enterprise, that is, the advertisement, transportation and shipment of child pornography," was "plainly sufficient." *Id*. There is no requirement that the indictment list specific files.

The Defendant seeks, through this Motion, to have the government provide a roadmap for its entire case. However, Rule 7(f) is not a discovery device; it cannot be used as a way to get a neat and organized list of the evidence the government intends to introduce at trial. *See Burgin*, at 1359. Further, as is the case here, a bill of particulars is inappropriate when the government supplements an indictment with extensive discovery. *See United States v. SIGMA*, 624 F.2d 461, 466 (4th Cir. 1979), *cert. denied*, 449 U.S. 1078 (1981). The defense has received discovery in this case far beyond the narrower requirements of Rule 16 and *Brady*. Although, they have not availed themselves of the opportunity, the defense could review the entire contents of the Defendant's phone, including the files depicting minors engaged in sexually explicit conduct. As such, the Defendant possesses or has had an opportunity to review all evidence that forms the basis for the crimes charged in the indictment. That evidence review would answer the questions posed in the Motion.

As a result of the discovery in this case, much of the information the defense seeks is already available for their review. First, the Defendant complains that the United States provided a list of notable files where some of the depictions were tagged as "AI" by law enforcement. The tags associated with each file are merely an organizational tool to assist in the navigation of the data by law enforcement. They are not a definitive conclusion. If the Defendant had actually viewed the Defendant's vast collection of child sexual abuse material it would be apparent that the files tagged as "AI" depict real children. For example, on the Defendant's device law enforcement located a known child sexual abuse video where a prepubescent minor performed oral sex on an adult male. Law enforcement also found another version of the same video where the victim's mouth is digitally distorted to appear wider during the sexual assault. In another example, a sexually explicit depiction of a prepubescent minor's genitals was added to a sexually explicit depiction of an adult, similar to a collage. A simple evidence view would dispel the Defendant's questions about what is depicted.

The Defendant then complains about the scope of the data. Yes, the amount of data is vast. The Defendant's criminal activity was vast. The Defendant engaged in a pattern of possessing, modifying and duplicating sexually explicit depictions. For example, the Defendant regularly created screen recording that capture his activity on the DEVICES. Some of these screen recordings include the Defendant opening and then viewing known child sexual abuse material. The Defendant then maintained both the original child sexual abuse material and the screen recording of the child sexual abuse material, often in different locations on the DEVICES. Because the depictions have different file names the Defendant's pattern of activity, including where and when the depictions were stored only becomes clear when viewing the evidence.

Where discovery has been provided, and the information that the defendant seeks through a bill of particulars has also been provided, as it has in this case, the Eleventh Circuit, and the

district courts in this Circuit, have made clear that a bill of particulars is inappropriate. *See, e.g., Martell*, 906 F.2d at 558 ("Furthermore, a defendant is not entitled to a bill of particulars with respect to information which is already available through other sources." (quotation omitted)); *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) ("Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection."); *Anderson*, 799 F.2d at 1442 ("To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule."); *United States v. Dean*, 606 F. Supp. 2d 1335, 1339 (M.D. Ala. 2009) ("A bill of particulars is not required if the information the defendant seeks has been provided by other sources.").

Indeed, other courts have denied similar requests in child exploitation cases. *See, e.g., United States v. Tillotson,* 490 Fed. App'x 775, 778 (6th Cir. 2012) (affirming district court's denial of defendant's  for bill of particulars because the indictment coupled with the discovery materials adequately notified the defendant of the case against him and provided him ample opportunity to prepare a defense in case involving the distribution, advertisement, and possession of child pornography); *United States v. Beasley,* 688 F.3d 523, 533 (8th Cir. 2012) (affirming the district court's denial of a  for bill of particulars in production and possession of child pornography prosecution despite a seven-year charged time period); *United States v. Roberts,* 174 Fed. App'x 475, 477 (11th Cir. 2006) (holding that district court did not abuse its discretion in denying defendant's  for bill of particulars in minor sex trafficking case).

Here, the Defendant's Motion is simply an attempt to obtain detailed information regarding how the government intends to prove its case at trial. This is not a proper purpose for a bill of particulars. *See Cole*, 755 F.2d at 760-61; *United States v. Roberts*, 174 Fed. App'x 475, 477 (11th Cir. 2006).

Nor should the Court require a designation by a date certain. The Court's current trial deadlines are sufficient. The Defendant's failure to avail themselves of the opportunity to review the evidence is not a reason to impose additional deadlines on the United States.

Because "the information sought has already been provided by other sources, such as the indictment and discovery," the Court should deny the Motion. *See Roberts*, 174 Fed.Appx. at 477–78 (affirming district court's denial of bill of particulars where "[d]uring discovery, the government provided detailed notice of the evidence it might use to establish the interstate commerce element of the charges").

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the Motion.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: *s/Brianna Coakley*
Brianna Coakley
Assistant United States Attorney
Court ID No. A5503184
United States Attorney's Office
99 NE 4th Street, 6th Floor
Miami, Florida 33132
(305) 961-9127
Brianna.Coakley@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which provides electronic notice of the filing.

*s/Brianna Coakley*
Brianna Coakley