**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-20114-DSL**

**UNITED STATES OF AMERICA**

**v.**

**MARTIN ESHO,**

**Defendant.**
______________________________________/

**UNITED STATES OF AMERICA'S RESPONSE TO**
**DEFENDANT'S MOTION TO DISMISS**

The United States of America hereby files its response to the Defendant's Motion to Dismiss Indictment. (DE 41). The Defendant's Motion to Dismiss must be denied because the Indictment is facially valid. The Indictment alleges the elements of the offense—the only relevant inquiry on a motion to dismiss for lack of specificity.

**LEGAL STANDARD**

Pursuant to Rule 7 of the Federal Rules of Criminal Procedure, an indictment must on contain, a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7. A motion to dismiss the indictment for lack of specificity is governed by Federal Rule of Criminal Procedure 12(b)(3)(B). Under this rule a district court must dismiss an indictment "if it fails to allege facts that constitute a prosecutable offense." *United States v. Cure*, 804 F.2d 625, 627 (11th Cir. 1986) (citing *United States v. Coia*, 719 F.2d 1120, 1123 (11th Cir. 1983). It is well settled that "[t]he sufficiency of a criminal indictment is determined from its face" and "[t]he indictment is sufficient if it charges in the language of the statute." *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) (quoting *United States v.*

*Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)). "When an Indictment's language generally tracks the statutory language, the Indictment is sufficient to withstand a motion to dismiss." *United States v. Reddy*, 534 F. App'x 866, 877 (11th Cir. 2013) (citing *United States v. Gayle*, 967 F.2d 483, 485 (11th Cir.1992) (*en banc*)); *see also United States v. Plummer*, 221 F.3d 1298, 1302 (11th Cir. 2000) ("In reviewing a motion to dismiss an indictment we look only at whether the Government has alleged each of the elements of the statute."). Moreover, "[i]f an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge. *See United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998) (citing *United States v. Stefan*, 784 F.2d 1093, 1101 02 (11th Cir. 1986)).

**RELEVANT FACTS**

The Defendant is charged by indictment with one count of Transportation of Material Involving Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(1) and (b)(1) and one count of Possession of Material Involving Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2). The relevant facts are set forth in the Government's Motion *in Limine* (DE 37), and the Government incorporates those facts by reference here.

**ARGUMENT**

**A. The Indictment is Facially Sufficient**

The indictment is sufficient. An indictment need only allege the essential elements of a charge. *See Plummer*, 221 F.3d at 1302. To sufficiently allege Transportation of Visual Depictions Involving the Sexual Exploitation of Minors, an indictment must allege the following:

(1) the Defendant knowingly transported a visual depiction in interstate or foreign commerce by any means including computer;

(2) producing the visual depiction involved using a minor engaged in sexually explicit conduct;

(3) the depiction shows a minor engaged in sexually explicit conduct; and

(4) the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

*See* Eleventh Circuit Pattern Criminal Jury Instruction O83.1.

The Indictment alleges each of these elements. The indictment states that the Defendant "did knowingly transport any visual depiction, using any means and facility of interstate and foreign commerce, and the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depiction was of such conduct, in violation of Title 18, United States Code, Section 2252(a)(1) and (b)(1)." (DE 9). The language tracks the statute, alleges each element, and specifies a location and timeframe.

To sufficiently allege Count 2, Possession of Visual Depictions Involving the Sexual Exploitation of Minors, an indictment must allege the following:

(1) the Defendant knowingly possessed a visual depiction;

(2) the visual depiction was shipped or transported using a means or facility of interstate or foreign commerce, or in and affecting interstate or foreign commerce, or was produced using materials which had been so shipped or transported, by any means, including by computer;

(3) producing the visual depiction involved using a minor engaged in sexually explicit conduct;

(4) the depiction is of a minor engaged in sexually explicit conduct; and

(5) the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

*See* Eleventh Circuit Pattern Jury Instructions Offense Instruction No. 83.2.[1]

Again, the Indictment alleges each of these required elements. The indictment alleges that:

> On or about March 7, 2026, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, **MARTIN ESHO,** did knowingly transport any visual depiction, using any means and facility of interstate and foreign commerce, and the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depiction was of such conduct, in violation of Title 18, United States Code, Section 2252(a)(1) and (b)(1).

Again, the Indictment tracks the statute, alleges each element of the statute, identifies the location of the crime, and the date of the offense. That is all an indictment requires. *See Salman*, 378 F.3d at 1268.

**B. The Indictment Need Not Specify Each Element of the Offense with Particularity**

The Defendant contends, without any legal support, that specific visual depictions must be named in the indictment. Not so. An indictment need not specify each element of the offense with particularity when the indictment provides sufficient notice of the allegations. *See United States v. McGarity*. 669 F.3d 1218 (11th Cir. 2012). In *McGarity*, the Eleventh Circuit concluded that an indictment alleging that the Defendant "did knowing and willfully engage in a child exploitation enterprise, that is, the advertisement, transportation and shipment of child pornography" was "plainly sufficient." *Id*. And when, as is the case here, the Indictment references the statutory language and provides a general description of the offense, the Indictment is sufficiently specific under Eleventh Circuit precedent. *United States v. Wayerski*, 624 F.3d 1342 (11th Cir. 2010).

[1] There is no pattern instruction for the charge of possession of visual depictions involving the sexual exploitation of minors. This instruction was given in *United States v. Madaio*, Case No. 24-CR-20445-HUCK.

To support their position, the defense relies on three inapposite cases: an order where Judge Bloom *denied* a motion to dismiss for lack of specificity in a conspiracy to commit wire fraud and wire fraud case; and two cases that—unsurprisingly are wholly unrelated to sexually explicit visual depictions of minors—because the decisions are more than 150 years old. *See United States v. Simmons*, 96 U.S. 360, 362 (1877) (pertaining to the "use a still, boiler, or other vessel, for the purpose of distilling"); *United States v. Cruikshank*, 92 U.S. 542 (1875) (pertaining to the 1870 act known as the "Enforcement Law"). None are availing or applicable here.

The Defendant is unable to point to a single Eleventh Circuit Case to support their claim that a specific visual depiction must be alleged in the indictment—because there are none. The Defendant also concedes that District Courts in the Eleventh Circuit have found that there is no requirement that specific files be identified in the indictment. (DE 41 at 9) (citing *United States v. Woods*, 730 F.Supp. 2d 1354 (S.D. Ga. 2010)). At best they have a singular district court decision from the District Columbia, where a Defendant was charged with *producing* sexually explicit depictions of the same minor child across multiple counts, that had overlapping timeframes without any discernable difference between the charges, and which were for the same offense. See *United States v. Hillie*, No. 16-cr-0030 (KBJ), Dkt, 43, p. 24 (D.D.C. Jan. 5, 2017). *Hillie* is not only not binding on this court, but the case is also not remotely analogous to the instant case. Here, the Defendant is charged with a single count of two distinct offenses—not multiple identical counts involving a single victim.

**C. Double Jeopardy is Not Implicated**

The Defendant's double jeopardy claim also fails. A conviction for Transportation of Material Involving Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(1) and (b)(1) and Possession of Material Involving Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2), does not violate

double jeopardy. *See United States v. Little*, 864 F.3d 1283 n.1 (11th Cir. 2017). Double jeopardy is not implicated because "[t]he transportation offense and the possession offense each require proof of a fact that the other did not." *Id*. Specifically, the transportation offense requires proof that a defendant "used a means of facility of interstate commerce," while possession requires proof that the depiction "had already been transported using a means or facility of interstate commerce." *Id*. (emphasis original). Because Count 1 and Count 2 have different elements there is no violation of Double Jeopardy.[2]

**D. There is No Legal Basis for a Bill of Particulars**

Finally, the Defendant seeks a Bill of Particulars as an alternative remedy to dismissal. (DE 41 at 8). The Defendant has also filed a Motion for a Bill of Particulars. (DE 39). The United States responded in opposition to that request by separate pleading. (DE 44).

[Intentionally Left Blank]

[2] The Defendant also makes a cursory claim that he "preserves his objection that Counts 1 and 2 are multiplicitous" pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) without explanation. This objection should be summarily dismissed. Charged offenses are not multiplicitous when the charges differ "by even a single element." *United States v. Woods*, 684 F.3d 1045 (11th Cir. 2012).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the Motion.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: */s/Brianna Coakley*
Brianna Coakley
Assistant United States Attorney
Court ID No. A5503184
United States Attorney's Office
99 NE 4th Street, 6th Floor
Miami, Florida 33132
(305) 961-9127
Brianna.Coakley@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which provides electronic notice of the filing.

*s/Brianna Coakley*
Brianna Coakley