**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 26-20114-CR-LEIBOWITZ

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARTIN ESHO,

Defendant.

_______________________________________/

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS THE INDICTMENT FOR LACK OF SPECIFICITY**

NOW COMES, Defendant MARTIN ESHO, by undersigned counsel, and replies to the Government's Response (Dkt. 45) to his Motion to Dismiss (Dkt. 41).

The Government's response rests on one proposition: an indictment that tracks the statute is sufficient, and "[t]hat is all an indictment requires." Dkt. 45 at 4. The Supreme Court and the Eleventh Circuit hold otherwise, including in the cases the Government cites. The Government does not respond to the grand jury argument, to the motion's showing that Count 2 does not identify the "matter" possessed, or to the Supreme Court's statement that some crimes "must be charged with greater specificity." And its companion response to the bill of particulars motion supplies the best evidence that these counts give no notice: the Government says the depictions number "more than 5,000" and that what Mr. Esho did with them "only becomes clear when viewing the evidence." Dkt. 44 at 2, 8.

## I. TRACKING THE STATUTE SATISFIES ONLY THE FIRST REQUIREMENT.

In its companion response, the Government quotes *Hamling v. United States*, 418 U.S. 87, 117 (1974), for the rule that an indictment may charge in the words of the statute. Dkt. 44 at 6–7. It omits what follows. The statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18 (quotation omitted). *Hamling* then explained that *Russell v. United States*, 369 U.S. 749 (1962), requires more than the statutory words "[w]here guilt depends so crucially upon such a specific identification of fact." *Hamling*, 418 U.S. at 118 (quoting *Russell*, 369 U.S. at 764). *Hamling* found that standard inapplicable for a reason that cuts the other way here: the definition of obscenity "is not a question of fact, but one of law," and "obscene" is "not merely a generic or descriptive term, but a legal term of art" whose definition "does not change with each indictment." *Id.* at 118. Whether a given file was produced using a real minor engaged in sexually explicit conduct is the opposite. It is a question of fact, and its answer changes with each file. And the *Hamling* indictment itself identified the material: a specific, named book and an advertisement for it. *Id.* at 91.

The Eleventh Circuit applies the same limit. In *United States v. McGarity*, 669 F.3d 1218 (11th Cir. 2012), a count that "tracks the statutory language" and "therefore satisfies the first consideration" nonetheless "wholly fails to satisfy either the second or third *Woodruff* factor," because "[w]ithout some factual predicate anchoring" the charge, the indictment "provides insufficient constitutional notice, both as to what charges must be defended against and as to the possibility of future prosecutions on the same basis." *Id.* at 1240. The court vacated the convictions on that count. *Id.* "When the indictment uses generic terms, it must state the offense

with particularity," and "[a]n indictment that requires speculation on a fundamental part of the charge is insufficient." *United States v. Bobo*, 344 F.3d 1076, 1083, 1084 (11th Cir. 2003). In *United States v. Schmitz*, 634 F.3d 1247, 1261 (11th Cir. 2011), counts whose language "tracks" the statute were "insufficient as a matter of law" because they "allege no facts or circumstances that inform Schmitz of these specific charges." The district court decision the Government says Mr. Esho "concedes" states the rule the same way: tracking is sufficient "as long as it also provides a statement of facts and circumstances that give notice of the offense to the accused." *United States v. Woods*, 730 F. Supp. 2d 1354, 1372 (S.D. Ga. 2010) (quoting *United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007)).

The Government's own authorities do not hold otherwise. *Salman* and *Plummer* reversed pretrial dismissals that rested on facts outside the indictment or on the legal reach of the statute. *United States v. Salman*, 378 F.3d 1266, 1267–69 (11th Cir. 2004); *United States v. Plummer*, 221 F.3d 1298, 1302, 1310 (11th Cir. 2000). *Fern*, *Reddy*, and *Gayle* addressed whether an indictment that omitted an element could be saved by its reference to the statute or by the facts alleged. *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998); *United States v. Reddy*, 534 F. App'x 866, 877 (11th Cir. 2013); *United States v. Gayle*, 967 F.2d 483, 485 (11th Cir. 1992) (en banc). None addressed whether a statute-tracking count must identify the conduct charged. And *Cure* requires dismissal of an indictment that "fails to allege facts that constitute a prosecutable offense." *United States v. Cure*, 804 F.2d 625, 627 (11th Cir. 1986).

The Government calls *Cruikshank* and *Simmons* too old to matter. Dkt. 45 at 5. *Russell* adopted their rule in 1962. 369 U.S. at 765. *Hamling* restated it in 1974. 418 U.S. at 117–18. And in 2007 the Supreme Court reaffirmed that "while an indictment parroting the language of a federal criminal statute is often sufficient, there are crimes that must be charged with greater

specificity." *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007). The Government does not address *Resendiz-Ponce*.

## II. McGARITY'S COUNT ONE AND WAYERSKI DO NOT HELP THE GOVERNMENT.

The Government relies on the part of *McGarity* that upheld a child exploitation enterprise count, and on *United States v. Wayerski*, 624 F.3d 1342 (11th Cir. 2010), which addressed the same indictment. Dkt. 45 at 4. Neither holding transfers. That count was not a bare recital. It alleged a child exploitation enterprise, "that is, the advertisement, transportation and shipment of child pornography, . . . by means of a computer, as a series of three or more separate incidents and involving more than one victim." *McGarity*, 669 F.3d at 1236. In *Wayerski*, the court explained that the count alleged the enterprise "with specifically named co-defendants" and "alleged the time and place of the predicate violations," and it held the count sufficient because it "provided a general description of the facts and predicate offenses." 624 F.3d at 1350. The *McGarity* court added that the predicate offenses of an enterprise charge, like those of a continuing criminal enterprise, "need not be identified with specificity." 669 F.3d at 1237–38. Section 2252 is not an enterprise offense. The depiction is not a predicate of the offense. It is the offense. The part of *McGarity* that addresses a statute-tracking count without a factual predicate is Count Forty, and the court vacated it. *Id.* at 1240.

## III. THE GOVERNMENT IDENTIFIES NO FACT THAT DISTINGUISHES THIS OFFENSE.

The Government says the Indictment "specifies a location and timeframe." Dkt. 45 at 3. As the motion explained, the date and the airport identify an occasion, not an offense. Dkt. 41 at 6. The Government does not respond, and it does not address "and elsewhere," which removes the limit of place.

The Government also never quotes Count 2. Under its heading for Count 2, the response repeats the text of Count 1. *Compare* Dkt. 45 at 3–4, *with* Dkt. 9 at 1–2. Count 2 alleges that Mr. Esho possessed "matter, which contained any visual depiction." Dkt. 9 at 2. It does not identify the matter. The Government says Mr. Esho had two phones. Dkt. 44 at 1. Count 2 does not say which. The motion raised this defect, which the *Hillie* court relied on in holding that the possession count there gave inadequate notice. Dkt. 41 at 4–5; *United States v. Hillie*, No. 16-cr-0030 (KBJ), Dkt. 43, at 27 (D.D.C. Jan. 5, 2017), reported at 227 F. Supp. 3d 57. The Government does not respond.

The cases the Government invokes show what a minimally sufficient count looks like. In *Woods*, each count stated the number of images, where they were received or possessed, and the dates; one identified the computer by make, model, and serial number. 730 F. Supp. 2d at 1372–73. In *United States v. Cameron*, 662 F. Supp. 2d 177, 180–81 (D. Me. 2009), count one stated the type of material, the screen name used, where the images were stored, and the date; the remaining counts stated the date, the type of images, and the means of transport, receipt, or possession. In *United States v. Brooks*, 648 F. App'x 791, 796 (11th Cir. 2016) (per curiam), a § 2252(a)(1) count was sufficient because it "included sufficient details—including the date of the alleged transport and name of the file allegedly shared—to protect Brooks from double jeopardy." These counts state none of that. Mr. Esho does not contend that an indictment must list every file. He contends that it must contain some fact that tells him which offense, among thousands of candidates, the grand jury found.

## IV. HILLIE IS NOT LIMITED TO MULTIPLE IDENTICAL COUNTS.

The Government reads *Hillie* as a case about "multiple identical counts involving a single victim." Dkt. 45 at 5. Part of its analysis was. But its analysis of the possession count turned in

part on that count's failure "to describe the alleged 'matter' or form of the visual depiction," *Hillie*, Dkt. 43, at 27, a defect that did not depend on overlap. *Hillie* acknowledged that generalized pleading "might well be permissible when the charged conduct is otherwise clear on the indictment's face and/or where there is only one act or count at issue." *Id.* at 35. Neither condition holds. The charged conduct is not clear on the face of the Indictment, and each count reaches an undetermined number of acts. The Government says the possession count "will include all of the CSAM the Deft possessed," and that the files "have not been selected or finalized yet." Dkt. 39 at 3. Two counts that allege the same date, the same place, and the same undifferentiated "any visual depiction" present the problem *Hillie* identified: neither the Court nor the jury can tell what conduct each count covers. *See Hillie*, Dkt. 43, at 34.

*United States v. Boutros*, No. 17-cr-80150, 2018 WL 11000721, at *1–2 (S.D. Fla. Jan. 8, 2018), is not to the contrary. The counts there alleged the dates, "the use of a computer to distribute the material," and possession of "Computer Files." *Id.* at *1. These counts identify no device, file, or "matter," and the Government concedes it has not yet selected the files. Dkt. 39 at 3. *Boutros* also did not address the grand jury argument.

## V. THE GOVERNMENT DOES NOT ADDRESS THE GRAND JURY.

The motion showed that an indictment naming no depiction leaves the prosecutor, not the grand jury, to choose what is charged. Dkt. 41 at 7–8 (citing *Russell*, 369 U.S. at 770). The Government does not respond. Its own correspondence confirms the concern: months after the indictment, the files on which it will rely "have not been selected or finalized yet." Dkt. 39 at 3. A charge whose content the prosecutor will select after indictment leaves the prosecution "free to roam at large." *Russell*, 369 U.S. at 768. "To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the

indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure." *Id.* at 770.

## VI. THE BLOCKBURGER ARGUMENT ANSWERS A DIFFERENT QUESTION.

The Government answers the double jeopardy prong with *Blockburger*: transportation and possession each require proof of a fact the other does not. Dkt. 45 at 5–6 (citing *United States v. Little*, 864 F.3d 1283, 1288 n.1 (11th Cir. 2017)). That addresses whether two convictions may stand together. It does not address the second *Hamling* requirement, whether the defendant can "plead an acquittal or conviction in bar of future prosecutions for the same offense." 418 U.S. at 117. A verdict on a count that names no depiction, reaches conduct "elsewhere," and "will include all of the CSAM the Deft possessed," Dkt. 39 at 3, tells a later court nothing about what was adjudicated. *See McGarity*, 669 F.3d at 1240. *Little* does not suggest otherwise. Its footnote addressed convictions resting on an identified image, 864 F.3d at 1288 n.1, under a transportation count that alleged the offense occurred "at approximately 4:07 am" on a stated date, *id.* at 1287, and *Little* raised no double jeopardy claim.

The Government's multiplicity argument fares no better. It quotes *United States v. Woods*, 684 F.3d 1045 (11th Cir. 2012), for the proposition that charges are not multiplicitous if they differ "by even a single element." Dkt. 45 at 6 n.2. The sentence continues: "or alleged fact." *Woods*, 684 F.3d at 1060. These counts allege no fact that distinguishes them. The *Woods* counts did: "each range in each count has a span of dates not covered by the time period in the other counts," and "two counts involve different computers." *Id.* at 1061. Even then, the court relied on the fact that the government's bill of particulars "described each of the images or videos the government would rely on to prove each count of the indictment, and no single downloaded image or video constituted the basis for multiple charges." *Id.* In *Brooks*, the jury

acquitted on a § 2252(a)(1) transportation count and convicted of "the lesser-included offense of possession of child pornography." 648 F. App'x at 796 n.5. Whether Counts 1 and 2 rest on the same files cannot be known from this Indictment. Mr. Esho preserves his multiplicity objection under Rule 12(b)(3)(B)(ii) but does not ask the Court to resolve it on this motion.

## VII. THE ELEVENTH CIRCUIT'S CASES RELIED ON IDENTIFICATION OF THE IMAGES.

Mr. Esho acknowledges two Eleventh Circuit decisions affirming child-pornography convictions on indictments that did not list the images. In each, the government identified the images before trial, and the court relied on that identification. In *United States v. Jenkins*, No. 20-13831, 2022 WL 474704 (11th Cir. Feb. 16, 2022) (per curiam) (unpublished), the district court "ordered the government to file a response under seal containing much of the requested information," *id.* at *2, and the Eleventh Circuit held the indictment sufficient, "though spare," relying on the government's identification of "the particular images at issue and the means of distribution, in its responses to Jenkins's motion for a bill of particulars," *id.* at *3. In *Woods*, the government served a bill "describing in detail the specific, separate images it would use to prove each count of the indictment," 684 F.3d at 1053, and the court relied on it, *id.* at 1061.

The Eleventh Circuit has said that a bill of particulars may cure notice problems caused by a vague term in an indictment. *Woods*, 684 F.3d at 1061 (citing *Schmitz*, 634 F.3d at 1260 n.8, and *United States v. Perkins*, 748 F.2d 1519, 1526 (11th Cir. 1984)). Mr. Esho maintains that a bill cannot supply what the grand jury did not find. *Russell*, 369 U.S. at 770. But if the Court disagrees, these decisions show the course the Eleventh Circuit has accepted: a spare indictment, supplemented before trial by the government's identification of the charged images. The Government cannot defend the Indictment as sufficient and, at the same time, refuse to identify them. *See* Dkt. 44 at 7, 10.

## VIII. CONCLUSION

Mr. Esho requests that the Court dismiss Counts 1 and 2 without prejudice. In the alternative, he requests that the Court grant his motion for a bill of particulars (Dkt. 39) and order the Government to identify the depictions charged in each count.

Dated: October 22, 2026

Respectfully submitted,

***/s/ David Tarras***

David Tarras, Esq.
Florida Bar No. 125746
Law Office of David Tarras, PLLC
1200 North Federal Highway, Suite 300
Boca Raton, Florida 33432
Phone: (954) 592-9416
David@TarrasDefense.com

Matthew Amarin (admitted pro hac vice)
Amarin Law, PLLC
1935 W. Belmont Avenue
Chicago, Illinois 60657
(773) 503-8223
matthew.amarin.esq@gmail.com

Counsel for Defendant Martin Esho

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record.

***/s/ David Tarras***
David Tarras