**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 26-20114-CR-LEIBOWITZ

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARTIN ESHO,

Defendant.

_______________________________________/

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR A BILL OF PARTICULARS**

NOW COMES, Defendant MARTIN ESHO, by and through counsel, and replies to the Government's Response in Opposition (Dkt. 44) to his Motion for a Bill of Particulars (Dkt. 39).

The Government's response confirms the premise of the motion. It does not claim to have identified the depictions charged in either count. It does not dispute its September 17, 2026, statement to counsel that "those files have not been selected or finalized yet." Dkt. 39 at 3. Its answer is that the defense should view the collection and work it out. But in a prosecution governed by 18 U.S.C. § 3509(m), the defense cannot hold, study, or work up that collection. It can only visit it. And the Government's own description of the collection, "more than 5,000 depictions," files tagged "AI" that the Government now says "depict real children," and altered and composite files stored under different names "in different locations," shows why a visit cannot supply what only the Government's choice can. Dkt. 44 at 2, 8.

## I. THE MOTION IS TIMELY.

The Government argues untimeliness under "Fed. R. Civ. P. 7(f)." Dkt. 44 at 1. The applicable rule, Federal Rule of Criminal Procedure 7(f), permits a motion "at a later time if the court permits." The Court permitted it. At the July 27, 2026, status conference, which the Government attended, the Court ordered that "All Pretrial Motions shall be filed on or before 10/1/2026." Dkt. 31. The written order set the same deadline for "[a]ll pretrial motions." Dkt. 32 ¶ 1. Mr. Esho filed on October 1. Dkt. 39. The Government mentions neither order and does not respond to the showing of cause. Dkt. 39 at 4. The fourteen-day period closed on April 13, 2026, two months before the Government produced the forensic reports on which the motion rests. Dkt. 14; Dkt. 20. If the Court concludes that leave is required beyond its scheduling order, Mr. Esho respectfully requests it.

## II. THE CHARGED DEPICTIONS ARE NOT "AVAILABLE THROUGH OTHER SOURCES."

### A. The Government has not made the selection, so discovery cannot disclose it.

The Government's central authorities apply one rule: a defendant is not entitled to a bill "with respect to information which is already available through other sources such as the indictment or discovery and inspection." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986). The rule assumes the information exists. Here it does not. The Government told counsel that "those files have not been selected or finalized yet." Dkt. 39 at 3. Its response does not dispute that statement. It argues instead that the "current trial deadlines are sufficient." Dkt. 44 at 10. Under those deadlines, the Government will make its selection when it files its exhibit list, before the November 20, 2026, Final Pretrial Conference. Dkt. 32 ¶ 8. No amount of review can find in the discovery a decision the Government has not yet made.

**B. In a § 3509(m) case, discovery that can only be visited is not "available" in the sense the Government's cases assume.**

The rule the Government invokes developed in cases where the defense holds the discovery. In *United States v. Tillotson*, 490 F. App'x 775 (6th Cir. 2012), the Government's closest case, the government "supplied him copies of the hard drives on which the government based its case," *id.* at 778, and its forensic report "listed the four videos that the government intended to produce at trial," *id.* at 779. The court called the defendant's surprise "self-inflicted" because he could have investigated the hard drive himself. *Id.* at 778. That option does not exist here. By statute, the depictions "shall remain in the care, custody, and control of either the Government or the court," and the defense may examine them only "at a Government facility." 18 U.S.C. § 3509(m)(1), (m)(2)(B). What the defense may keep are reports that, as the Government concedes, contain no depictions. Dkt. 44 at 2.

The difference is not formal. In an ordinary case, counsel reviews discovery in his own office, over days and weeks, returns to an item the next morning, sits with the client to go through it, and puts it in front of a consulting expert. None of that is possible with a depiction that may be seen only inside an HSI office in Miami. Every look at a depiction requires a scheduled session in a Government facility. Courts have recognized that examination confined to a Government facility can fall short of what a defense requires, particularly where the question is whether a depiction shows a real child. *See United States v. Knellinger*, 471 F. Supp. 2d 640, 649 (E.D. Va. 2007) (real-versus-virtual analysis "cannot be conducted feasibly by outside experts in the facility as offered by the United States"); *but see United States v. Flinn*, 521 F. Supp. 2d 1097 (E.D. Cal. 2007).

Under these conditions, identification is the only practical form of notice. The work the defense must do is file-specific. For each charged depiction, the defense must determine when

the file was created or downloaded, whether and when it was opened, whether it was deleted, whether it is a thumbnail, cache, or duplicate copy rather than a file a user saved, where on which device it was stored, and whether it is one the Government's own agents tagged as AI-generated. The Government agrees that these facts matter and that they differ from file to file: Mr. Esho's alleged "pattern of activity, including where and when the depictions were stored only becomes clear when viewing the evidence." Dkt. 44 at 8. It becomes clear only for a file someone has chosen to examine. With "more than 5,000 depictions," *id.* at 2, no number of supervised sessions can do that work for every file. Identification lets the defense do it for the files that are charged.

The evidence views confirm the point. The Government concedes that the defense forensic examiner reviewed the complete extraction at HSI for approximately six hours on June 16, 2026. Dkt. 44 at 2. Counsel attended an evidence view on October 16, 2026. *See id.* at 3. At that view, the Government did not identify the depictions charged in either count, and it did not say which depictions, if any, were presented to the grand jury. A view shows what is on the phones. It cannot show which depictions the grand jury charged, or which the Government will ask the jury to find were produced using a real minor. That is a choice only the Government can make. Its criticism of counsel's diligence, Dkt. 44 at 3, 7, 10, and at the October 16, 2026, status conference, does not answer that question. If the Government knows which files it will rely on, listing them costs nothing. If it does not know, no evidence view can tell Mr. Esho.

**C. The Government's own account of the evidence shows why identification is needed.**

The response supplies new facts, and each supports the motion. The Government concedes that the "AI" tags its agents applied "are not a definitive conclusion," and asserts that "files tagged as 'AI' depict real children." Dkt. 44 at 8. It describes a video in which "the

victim's mouth is digitally distorted," and a depiction in which "a sexually explicit depiction of a prepubescent minor's genitals was added to a sexually explicit depiction of an adult, similar to a collage." *Id.* Those statements establish that the reports the defense may keep do not reliably show which files the Government contends depict real minors, and that some candidate files were altered or assembled from more than one source. The grand jury charged only § 2252, which reaches a visual depiction only if "the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct" and "such visual depiction is of such conduct." 18 U.S.C. § 2252(a)(1)(A)–(B), (a)(4)(B)(i)–(ii). The separate definition for a depiction "created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct" appears in the definition of "child pornography," 18 U.S.C. § 2256(8)(C), the term used in § 2252A, which the grand jury did not charge. Whether a particular altered or composite file satisfies § 2252 can be litigated only file by file, and only after the file is named.

**D. The Government's cases do not involve a selection that has not been made.**

*Tillotson* is addressed above. In *United States v. Beasley*, 688 F.3d 523 (8th Cir. 2012), the defendant argued that the time frame in the indictment was "indefinite and overbroad," *id.* at 532, and he did not deny that the government had provided, before trial, "the images and video files forming the basis of the production of child pornography charges," *id.* at 533. In *United States v. Roberts*, 174 F. App'x 475, 478 (11th Cir. 2006), the court affirmed "[b]ecause the government provided the evidence it intended to use to support the commerce element and basic information about how it would use that evidence." In *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990), the defendant "had been tried once before on the indictment." In *United States v. Draine*, 811 F.2d 1419, 1421 (11th Cir. 1987), the indictment "could have been more specific," but the government had identified potential witnesses. And *United States v. Anderson*,

799 F.2d 1438 (11th Cir. 1986), did not review the denial of a bill. It addressed press access to bills that had been granted. The Government also does not address *United States v. Bortnovsky*, 820 F.2d 572, 574–75 (2d Cir. 1987), or *United States v. Luna*, No. 3:05-cr-58 (SRU), Dkt. 622, slip op. at 3–5 (D. Conn. May 17, 2006). Dkt. 39 at 6–7. It embraces the volume ("Yes, the amount of data is vast."), Dkt. 44 at 8, but does not explain how a defendant who may not possess the files is to determine which of more than 5,000 is the offense.

## III. A BILL WILL DEFINE THE GOVERNMENT'S CASE. THAT IS ITS PURPOSE.

The Government argues that a bill would "restrict unduly the government's ability to present its case," and that "there can be no variance between the notice given in a bill of particulars and the evidence at trial." Dkt. 44 at 4–5. That is the point of the motion. Mr. Esho asks that the depictions on which he is tried be identified before trial and not change without leave. *Luna* rejected the same objection. Slip op. at 4. The court in *United States v. Woods*, 730 F. Supp. 2d 1354, 1361 (S.D. Ga. 2010), ordered this relief, directing the government to identify "the specific images that it intends to prove at trial constitute contraband." On appeal, the Eleventh Circuit noted that the government had provided a bill "describing in detail the specific, separate images it would use to prove each count of the indictment," and relied on that bill in rejecting the defendant's multiplicity challenge. *United States v. Woods*, 684 F.3d 1045, 1053, 1061 (11th Cir. 2012). In *United States v. Jenkins*, No. 20-13831, 2022 WL 474704, at *2–3 (11th Cir. Feb. 16, 2022) (per curiam) (unpublished), the district court "ordered the government to file a response under seal containing much of the requested information," and the Eleventh Circuit relied on the government's identification of "the particular images at issue and the means of distribution" in upholding a "spare" indictment. The Government is correct that the Indictment need not list the files. Dkt. 44 at 7. That is why a bill is the proper vehicle. Nor does the motion

seek a "roadmap." *Id.* It seeks no witness, no theory, and no explanation of how any element will be proved. Under § 2252 the depiction is not evidence of the offense. It is the offense.

## IV. THE GOVERNMENT DOES NOT ANSWER THE DOUBLE JEOPARDY POINT.

The response does not address *United States v. Bobb*, 577 F.3d 1366, 1375 (11th Cir. 2009), or *United States v. Cameron*, 662 F. Supp. 2d 177, 182 (D. Me. 2009). Dkt. 39 at 8. In its separate response to the motion to dismiss, the Government argues that transportation and possession have different elements. Dkt. 45 at 5–6. But under the case it cites, charges are not multiplicitous if they "differ by even a single element or alleged fact." *Woods*, 684 F.3d at 1060. These counts allege no fact that distinguishes them. And the *Woods* court relied on the government's bill, which identified the images for each count, to confirm that "no single downloaded image or video constituted the basis for multiple charges." *Id.* at 1061. Without identification, no one can say whether Counts 1 and 2 rest on the same files. And because the Government says "[t]he possession will include all of the CSAM the Deft possessed," Dkt. 39 at 3, a verdict on Count 2 would rest on an undefined set of files. A later court could not determine what was adjudicated.

## V. AT A MINIMUM, THE COURT SHOULD SET A DATE CERTAIN FOR DESIGNATION.

The Government's only response to the alternative request is that the existing deadlines suffice. Dkt. 44 at 10. They do not. Under them, Mr. Esho learns which depictions are at issue shortly before the Final Pretrial Conference, seventeen days before trial. Dkt. 32 ¶ 8. That leaves no time for the defense to trace each designated file's source, creation, and storage, and consult an expert on whether it depicts a real minor. It provides no time for the defense to determine Mr. Esho's whereabouts on the relevant dates. The Government identifies no burden from earlier designation; its practice is to "select a handful of those files." Dkt. 39 at 3. In *United States v.*

*Society of Independent Gasoline Marketers of America*, 624 F.2d 461, 466 (4th Cir. 1979), on which the Government relies, a further bill was denied where the defendants already had a bill of particulars, “copies of all grand jury testimony,” and “copies of all trial exhibits thirty days prior to trial.” Mr. Esho has none of those things. The Court may “grant other appropriate relief” in regulating discovery, Fed. R. Crim. P. 16(d)(1), and the Government does not contend otherwise.

## VI. CONCLUSION

Mr. Esho requests that the Court direct the Government, within seven days of the Court’s order, to file a bill of particulars identifying, for each count, the specific visual depictions on which the count rests, by device, AXIOM item number, Bates page, and file path, and stating whether any depiction is charged in both counts. In the alternative, he requests an order requiring the Government, by the same date, to designate the depictions it intends to offer in its case-in-chief, with no additions absent leave of Court on a showing of good cause.

Dated: October 22, 2026

Respectfully submitted,

***/s/ David Tarras***

David Tarras, Esq.
Florida Bar No. 125746
Law Office of David Tarras, PLLC
1200 North Federal Highway, Suite 300
Boca Raton, Florida 33432
Phone: (954) 592-9416
David@TarrasDefense.com

Matthew Amarin (admitted pro hac vice)
Amarin Law, PLLC
1935 W. Belmont Avenue
Chicago, Illinois 60657
(773) 503-8223
matthew.amarin.esq@gmail.com

Counsel for Defendant Martin Esho

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record.

***/s/ David Tarras***
David Tarras