**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cr-20114-LEIBOWITZ**

**UNITED STATES OF AMERICA**,

v.

**MARTIN ESHO**,

Defendant.
_______________________________/

## ORDER REVOKING BOND

**THIS CAUSE** came before the Court on the United States Motion to Revoke Bond (the "Motion") [ECF No. 55]. Being fully advised and having reviewed the submissions of the parties and the evidence provided at the hearing before the undersigned on October 29, 2026, **it is ORDERED AND ADJUDGED that the Motion [ECF No. 55] is GRANTED**. The Court revokes the personal surety bond issued on March 12, 2026, by United States Magistrate Judge Enjoliqué A. Lett and orders the Defendant detained pending trial.

Having considered the statutory standards and factors enumerated in 18 U.S.C. § 3148, as well as the entire record before the Court, the Court concludes that Defendant's pretrial release shall be revoked pursuant to § 3148(b). Therefore, as set forth herein and as stated on the record at the hearing held October 29, 2026, **it is hereby ORDERED that Defendant Martin Esho be DETAINED prior to trial and until the conclusion thereof**. To the extent the Court made additional or more detailed rulings on the record that are not memorialized in the written Order, those rulings are binding on the parties as set forth on the record.

### Procedural History

The Defendant was indicted in the Southern District of Florida on March 26, 2026, charging him with Transportation of Visual Depictions Involving the Sexual Exploitation of Minors pursuant

to 18 U.S.C § 2252(a)(1) and (b)(1) and Possession of Visual Depictions Involving the Sexual Exploitation of Minors pursuant to 18 U.S.C. § 2252(a)(4)(B) and (b)(2). [ECF No. 9]. On March 11, 2026, a hearing was held by the Honorable United States Magistrate Judge Enjoliqué A. Lett, after which Magistrate Judge Lett ordered Defendant to be released on certain bond conditions. [ECF Nos. 5, 7].

On September 25, 2026, U.S. Probation Officer Juan R. Nunez filed a Petition for Action on Conditions of Pretrial Release, stating that Defendant had violated specific pretrial release conditions and requesting a hearing to determine if Defendant's bond should be revoked. [ECF No. 35]. Alleged violations included Defendant's failure to participate in the location monitoring program and failure to comply with his mental health treatment. [*Id.* at 2]. After allowing defense counsel some additional time to prepare, the undersigned scheduled a hearing for October 29, 2026.

Prior to the October 29 Hearing, the undersigned reviewed the record, including the following: (1) the Criminal Complaint [ECF No. 1]; (2) the Indictment [ECF No. 9]; (3) the audio recording of Magistrate Judge Lett's bail/detention hearing held March 11, 2026; (4) the Petition for Action on Conditions of Pretrial Release [ECF No. 35]; and (5) the Motion [ECF No. 55]. The undersigned has also considered all the arguments, testimony, and proffers of both sides at the October 29 Hearing (including the admitted exhibits).

## Legal Standard

Under 18 U.S.C § 3148(b), an "attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court." After the Government files such a motion, the judicial officer shall revoke a Defendant's bond and order detention, if, after a hearing, the judicial officer:

(1) finds that there is—

> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C § 3148(b)(1)–(b)(2). As is clear from the statute, the Court must make at least one finding under 18 U.S.C § 3148(b)(1) and one finding under 18 U.S.C § 3148(b)(2) to revoke Defendant's bond.

**<u>Discussion</u>**

The Court concludes that Defendant's bond shall be revoked under 18 U.S.C § 3148(b). The Court sets forth its findings under 18 U.S.C § 3148(b)(1) and 18 U.S.C § 3148(b)(2).

**1. <u>18 U.S.C § 3148(b)(1)</u>**

The Court finds that under 18 U.S.C § 3148(b)(1)(B), there is clear and convincing evidence that Defendant violated at least two conditions of his release. Defendant's release conditions required him to participate in a location monitoring program. [ECF No. 7 at 3]. That program restricted Defendant to home detention, notifying Defendant as follows: "You are restricted to your residence at all times except medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the supervising officer. Must be accompanied by an adult when leaving home for above exceptions." [*Id.* (with handwritten edits)].

In its Motion, the Government explains that "[t]o monitor his location the Defendant wears a location monitor [on his ankle] which is linked to a 'beacon.'" [ECF No. 55 at 1–2]. The beacon "records when the Defendant is out of the permissible range which encompasses his home." [*Id.*

at 2]. The Government provided evidence that showed Defendant "repeatedly left the range of the beacon—and therefore thus his home—without prior approval." [*Id.*].

At the October 29 Hearing, the Government called witness Matthew Bonestroo, who is a U.S. Pretrial Services Officer. [Transcript of October 29 Hearing ("Tr.") at 4:18–19]. Officer Bonestroo's job entails supervising individuals subject to location monitoring, including Defendant. [Tr. at 4:20–5:3]. According to Officer Bonestroo, Defendant was not permitted to leave his main residence (one half of a duplex building), point blank. [*Id.* 6:5–7]. More specifically, Defendant was not permitted to go into the yard of his residence or into the disconnected garage across the yard. [*Id.* at 6:8–13]. However, Officer Bonestroo testified to beacon data showing that Defendant repeatedly exited his permissible range and violated his location monitoring perimeter.

Officer Bonestroo testified to the contents of two exhibits at the October 29 Hearing. Government's Exhibit 1 is a "compressed summary report," which reports "alerts that the equipment is logging" when Defendant leaves his permissible range. [Tr. at 11:9–16]. The report showed many instances, across a period of months, indicating that defendant was "out of range of the beacon authorization." [*Id.* at 12:10–17]. These multiple instances occurred "throughout the day" and in the "overnight, early morning hours as well." [*Id.* at 13:12–16].

For some of those unauthorized instances, the beacon technology reflected Defendant's GPS location. [*Id.* at 14:1–4]. The Government admitted Exhibit 2 at the hearing: a map showing Defendant's GPS location when Defendant's ankle monitor was out of range of the beacon. [*Id.* at 14:9–20]. The location of Defendant outside of the residence in those instances is reflected by green dots on the map. [Tr. at 15:7–18]. Officer Bonestroo's testimony confirmed that each green dot on Exhibit 2 reflected a violation of Defendant's conditions, [*id.* at 19:8–16]; there are many green dots.

The Court finds by clear and convincing evidence that Defendant violated his location

monitoring program condition. Defendant's conditions of release ordered him to be confined to his home (not including the yard or detached garage). The evidence showed that Defendant repeatedly left his permissible range and traveled to the street, yard, and detached garage outside of his residential building. Officer Bonestroo testified that he warned Defendant many times regarding his location monitoring violations. [*Id.* 26:10–16]. Despite those warnings, Defendant still failed to comply. The evidence shows not just one or a few isolated violations, but an abundance of violations, and henceforth readily satisfies the standard under 18 U.S.C § 3148(b)(1)(B).

Second, another pretrial release condition required Defendant to undergo mental health evaluation and treatment. [Tr. at 22:22–25]. Defendant's psychiatrist recommended that Defendant take specific medication in August 2026. [*Id.* at 23:10–22]. However, Officer Bonestroo testified that Defendant did not begin to take the medication until October 2026 (after the formal petition for revocation for noncompliance was filed). [*Id.* at 23:17–24:2]. According to Officer Bonestroo, Defendant made specific statements related to why he would not take the medication, indicating that the pills "may kill him, that they were mind control, and noted some conspiracies related to acts within the Government." [*Id.* at 24:3–7]. Defendant's sister, Niyan Esho, confirmed at the hearing that Defendant only began taking his medication recently. [*Id.* at 70:8–11].

The fact that Defendant willfully declined to take medication as part of his mental health treatment is not disputed on this record. As such, under 18 U.S.C § 3148(b)(1)(B), the Court finds by clear and convincing evidence that Defendant violated the condition that he participate in his mental health evaluation and treatment.

**2. <u>18 U.S.C § 3148(b)(2)</u>**

The Court further finds that, pursuant to 18 U.S.C § 3148(b)(2)(B), Defendant is "unlikely to

abide by any condition or combination of conditions of release."[1] As discussed above, the Court heard extensive evidence concerning Defendant's violations of his location monitoring program and mental health treatment. Those violations were repeated. Neither did the Defendant heed warnings about his noncompliance. Finally, evidence at the hearing and the Defendant's own filings in this case point to significant mental health concerns that further support this finding. Accordingly, the Court finds by a preponderance of the evidence that Defendant is unlikely to abide by his conditions of release.

*****

For the reasons stated above, and pursuant to 18 U.S.C. §§ 3142 and 3148, the Court hereby **ORDERS** that:

1. The Government's Motion [**ECF No. 55**] is **GRANTED**;
2. The Defendant is to be DETAINED pretrial and is NOT TO BE RELEASED on bond;
3. The Defendant is to be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
4. The Defendant is to be afforded reasonable opportunity for private consultation with his counsel; and

---

[1] At the October 29 Hearing, the Court made additional findings under 18 U.S.C § 3148(b)(2)(A), that "based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the [Defendant] will not flee or pose a danger to the safety of any other person or the community." The Court's review of the entire record, including what was put before Magistrate Judge Lett at the initial bail/detention hearing, led this Court to conclude that that the balancing of those factors justified pretrial detention based on risk of flight and danger to the community. Among other factors, this case carries a presumption of pretrial detention, *see* 18 U.S.C. § 3142(e)(3), (f)(1). That balancing is not discussed further here but remains binding on the parties as set forth on the record.

5. On Order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined must deliver the Defendant to a United States Marshal for the purpose of court appearance in connection with this case.

The Court announced its decision regarding pretrial detention on the record at the October 29 Hearing. Pursuant to 18 U.S.C. § 3142(i)(1), this Order memorializes this Court's findings of fact and statement of reasons for detention, in addition to incorporating those stated on the record at the October 29 Hearing.

**DONE AND ORDERED** in the Southern District of Florida on October 30, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record