UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 26-CR-20114-DSL

UNITED STATES OF AMERICA,
Plaintiff,
v.
MARTIN ESHO,
Defendant.
_____________________________________/

**DEFENDANT MARTIN ESHO'S NOTICE REGARDING COMPETENCY AND PROPOSED PROCEDURE UNDER 18 U.S.C. § 4241**

NOW COMES, Defendant, MARTIN ESHO, by and through undersigned counsel, and pursuant to this Court's instruction on October 29, 2026, respectfully files this Notice setting forth his position regarding competency and his proposed procedure under 18 U.S.C. § 4241. Mr. Esho requests that the Court order a competency examination under 18 U.S.C. §§ 4241(b) and 4247(b), comprising a full neuropsychological battery addressing both competency and prognosis, and that the Court commit Mr. Esho under 18 U.S.C. § 4247(b) to a Bureau of Prisons medical referral center that performs court-ordered competency evaluations, with the Federal Medical Center, Lexington, Kentucky, or the Federal Medical Center, Rochester, Minnesota, requested.

## I. COUNSEL'S POSITION ON COMPETENCY

### A. Counsel's observations.

Undersigned counsel is not a clinician and offers no clinical opinion. Counsel states only what counsel has observed in the course of representing Mr. Esho. In brief exchanges, Mr. Esho presents as cooperative, responsive, and apparently engaged. His difficulties are not immediately apparent. They emerge over the course of longer and more substantive conversations, particularly those involving the charges, the evidence, the range of possible outcomes, and the

choices Mr. Esho will be required to make. In those conversations, counsel has observed that Mr. Esho has difficulty retaining information across the conversation, difficulty understanding explanations that depend on abstraction or on conditional reasoning, and a tendency to signal agreement and understanding without being able to restate what he has agreed to.

Counsel has raised Mr. Esho's competency in the past and again raises this issue because these difficulties bear directly on Mr. Esho's ability to assist in his own defense, and because counsel is not equipped to assess whether what counsel has observed reflects a mental disease or defect within the meaning of 18 U.S.C. § 4241(a).

**B. The record already before the Court.**

The existing record supplies an objective basis for the Court's inquiry. The Forensic Psychiatric Report of Gundu A. Reddy, M.D., filed as Exhibit I to Mr. Esho's Motion to Suppress, summarizes historical testing and educational records as follows:

(a) 2007 WISC-IV testing reflecting a Full Scale IQ of 62 and a Verbal Comprehension Index of 61. (DE 40 at 66.)

(b) 2010 RIAS testing reflecting a Verbal Index of 72, a Nonverbal Index of 95, and a Composite of 82. (DE 40 at 62.)

(c) 2010 KTEA-II testing reflecting a Reading Composite of 72, Letter and Word Recognition of 78, Reading Comprehension of 68, and a Math Composite of 62, with reading comprehension at the 2nd percentile and a grade equivalent of 5.9. (DE 40 at 62, 66.)

(d) A school psychologist's documented findings of difficulty understanding passages and retaining major and minor details, and recommendations for repeated directions,

extended time, visual information accompanying spoken information, and additional reading supports. (DE 40 at 62.)

(e) A reported history of childhood head injuries, with Traumatic Brain Injury listed as a medical diagnosis, as to which the available records contain no contemporaneous neurological or neuropsychological testing sufficient to determine the cognitive consequences. (DE 40 at 63.)

Counsel does not present these findings as establishing incompetency, and candidly notes that the same report records that Mr. Esho's adaptive functioning was described as age appropriate. (DE 40 at 62.) That is precisely the point. The historical data are two decades old in part, were gathered for educational rather than forensic purposes, and point in more than one direction.

Critically, Dr. Reddy expressly states that no current standardized intellectual or neuropsychological battery was completed, so that no current intelligence quotient, reading level, processing speed, working memory, or executive-function profile has been established, and she identifies the need for further neuropsychological testing. (DE 40 at 69.) She recommends further neuropsychological testing to evaluate for intellectual disability and other neurocognitive disorders. (DE 40 at 73.) No such testing has been performed.

**C. Counsel's position.**

Mr. Esho's position is as follows.

First, reasonable cause exists under 18 U.S.C. § 4241(a) to believe that Mr. Esho may presently be suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. An examination and report under § 4241(b) is therefore warranted.

Second, Mr. Esho takes no position at this time on the ultimate question whether he is competent. He has not been tested. Counsel declines to assert a conclusion that the existing record cannot support, and asks the Court to resolve the question on a developed evidentiary record rather than on counsel's impressions or on historical school testing.

Third, Dr. Reddy who opined on Mr. Esho's inability to voluntarily and knowingly waive his *Miranda* rights, also noted the need for further neuropsychological testing. (DE 40 at 69.)

Counsel notes that earlier in the litigation he represented to the Court that after several conversations with Mr. Esho he did not believe competency was not an issue. Counsel was wrong and that statement was based on shorter conversations with Mr. Esho. As noted above, his difficulties were not immediately apparent. They emerged over the course of longer and more substantive conversations and the fact that in subsequent meetings it became apparent Mr. Esho did not understand the prior conversations we had.

## II. LEGAL STANDARD

A defendant is incompetent if he is presently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). The constitutional test is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as factual understanding of the proceedings against him. *Dusky v. United States*, 362 U.S. 402, 402 (1960).

Upon a motion by either party, or on its own motion, the court shall order a hearing if there is reasonable cause to believe that the defendant may presently be so suffering. 18 U.S.C. § 4241(a). Prior to the hearing, the court may order that a psychiatric or psychological examination be conducted and that a report be filed with the court, pursuant to 18 U.S.C. § 4247(b) and (c).

18 U.S.C. § 4241(b). The court determines competency by a preponderance of the evidence. 18 U.S.C. § 4241(d).

## III. PROPOSED PROCEDURE UNDER 18 U.S.C. §§ 4241(b) AND 4247(b)

### A. The examination should include a full neuropsychological battery.

Section 4247(b) provides that an examination ordered under § 4241 shall be conducted by a licensed or certified psychiatrist or psychologist, that the court may order more than one such examination, and that the examiner or examiners shall be designated by the court. The question presented here is not primarily psychiatric. The historical record identifies deficits in verbal comprehension, reading comprehension, retention, and attention, together with a reported traumatic brain injury that has never been assessed. (DE 40 at 62, 63, 66.) Those are neuropsychological questions, and they require standardized instruments rather than clinical interview.

Mr. Esho therefore respectfully requests that the Court direct that the examination include a full neuropsychological battery, administered and interpreted by a psychologist with specialized training in clinical neuropsychology, and preferably by one holding board certification in clinical neuropsychology from the American Board of Professional Psychology. Mr. Esho asks that this requirement be stated in the order itself. A competency examination that does not include neuropsychological testing will not answer the question Dr. Reddy identified and will leave the Court where it is today. (DE 40 at 69, 73.)

### B. Mr. Esho should be committed to a Bureau of Prisons medical referral center for the examination.

Mr. Esho is presently detained at the Federal Detention Center, Miami, which is a detention facility rather than a medical or forensic facility. Mr. Esho respectfully requests that the Court commit him under 18 U.S.C. § 4247(b) to the custody of the Attorney General for

placement in a suitable facility for the examination, and that the Court request designation to the Federal Medical Center, Lexington, Kentucky, or to the Federal Medical Center, Rochester, Minnesota.

Three considerations support that request. First, the Federal Medical Center, Lexington is one of the Bureau of Prisons facilities that routinely performs court-ordered competency examinations. The Bureau describes that institution as a destination for pretrial forensic cases within the federal prison system, where staff perform court-ordered evaluations assessing competency to stand trial and criminal responsibility at the time of the offense. It is a medical referral center with chronic mental health services, and its psychology staff include a practitioner trained in neuropsychology. The Federal Medical Center, Rochester, Minnesota is likewise a Bureau of Prisons medical referral center with forensic psychology services, and Mr. Esho requests it as an alternative. Both institutions are materially more accessible to undersigned counsel than the Federal Detention Center, Miami, which bears on counsel's ability to consult with Mr. Esho during the examination period and to prepare for the hearing under 18 U.S.C. § 4247(d).

Second, an examination conducted over a period of weeks at a medical referral center permits observation of Mr. Esho's day-to-day functioning in addition to formal testing. That observational data bears directly on adaptive functioning and on the validity of the test results, both of which are contested on the existing record. (DE 40 at 62, 69.)

Third, the Federal Detention Center, Miami is not equipped to host a multi-day standardized neuropsychological battery, which requires a qualified examiner, controlled testing conditions, uninterrupted sessions across several days, and secure handling of testing materials.

Mr. Esho recognizes that § 4247(b) provides that, unless impracticable, the examination shall be conducted in the suitable facility closest to the court. Mr. Esho submits that designation to a facility that performs these examinations is appropriate here, and that the Federal Detention Center, Miami is not a suitable facility for this examination within the meaning of the statute. If the Court declines to request designation to either the Federal Medical Center, Lexington or the Federal Medical Center, Rochester, Mr. Esho requests designation to another Bureau of Prisons medical referral center that performs examinations under 18 U.S.C. § 4241.

Because the thirty-day examination period under § 4247(b) does not begin until Mr. Esho arrives at the designated institution, and because he remains detained throughout, Mr. Esho further requests that the Court direct that designation and transportation be effected forthwith, and that the Bureau of Prisons notify the Court and the parties of the date of his arrival at the designated facility.

Mr. Esho further requests that the Court set the period for examination under § 4247(b), which may not exceed thirty days, with any extension of up to fifteen additional days to be sought for good cause as the statute provides.

**C. The examiner should serve as the Court's designee.**

Mr. Esho does not seek to control the examination or the examiner, and does not ask the Court to treat the examination as a defense examination. He requests that the examiner be designated by the Court under § 4247(b), that the examiner serve as the Court's designee and not as a defense expert, and that the report be filed with the Court and provided to counsel for both parties in accordance with § 4247(c). Mr. Esho will have no greater access to the examiner or to the report than the United States.

**D. Scope of the examination.**

So that the resulting report is useful to the Court rather than merely conclusory, Mr. Esho respectfully requests that the order specify the domains to be assessed. Mr. Esho proposes that the examination include:

(a) Current intellectual functioning, assessed with a current, standardized, individually administered measure.

(b) Academic achievement, including reading decoding and reading comprehension.

(c) Receptive and expressive language, including comprehension of orally presented information.

(d) Processing speed and working memory.

(e) Executive functioning, including reasoning, problem solving, and cognitive flexibility.

(f) Learning and memory, including retention of information over delay.

(g) Adaptive functioning, assessed with a standardized instrument and with collateral informant input.

(h) A standardized measure of competency-related functional abilities.

(i) Performance validity and symptom validity testing.

Mr. Esho specifically requests that validity testing be included. Mr. Esho has an interest in a reliable result, not a favorable one, and a competency determination unsupported by validity data is of limited value to any party.

**E. Questions to be addressed in the report.**

Section 4247(c)(4) requires that the report include the examiner's opinions as to diagnosis and prognosis, and, for an examination ordered under § 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that

he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4247(c)(4)(A). Mr. Esho requests that the order direct the examiner to address, in addition:

(a) Mr. Esho's present ability to consult with counsel with a reasonable degree of rational understanding, and his rational and factual understanding of the proceedings, with reference to the specific functional abilities measured.

(b) Whether any identified condition is static or is amenable to treatment, education, or remediation.

(c) If any identified condition is amenable to treatment, whether there is a substantial probability that Mr. Esho would attain the capacity to permit the proceedings to go forward in the foreseeable future, and within what period.

(d) Whether any identified impairment can be accommodated short of a finding of incompetency, including through simplified language, repetition, written materials, additional time with counsel, or the assistance of a support person, and if so, what specific accommodations the examiner recommends.

The prognosis question is not academic. If Mr. Esho is found incompetent, the disposition prescribed by 18 U.S.C. § 4241(d) turns on whether there is a substantial probability that he will attain capacity in the foreseeable future, and a person committed under that subsection may not be held longer than the reasonable period necessary to determine whether capacity will be attained. *See Jackson v. Indiana*, 406 U.S. 715 (1972). The Court and the parties will need an opinion on that question, and the examination should be structured to produce one.

**F. Protective provisions.**

Mr. Esho requests that the order recite the protections the law already affords. No statement made by a defendant in the course of an examination under § 4241, and no testimony by the examiner based upon any such statement, is admissible against the defendant in any criminal proceeding except on an issue respecting mental condition on which the defendant has introduced testimony. Fed. R. Crim. P. 12.2(c)(4). A finding under § 4241 is not admissible as evidence in a trial for the offense charged. 18 U.S.C. § 4241(f). Where the results of a court-ordered examination are confined to the competency determination, no Fifth Amendment issue is presented. *See Estelle v. Smith*, 451 U.S. 454, 465, 468 (1981).

## IV. RESERVATION OF THE RIGHT TO AN ADDITIONAL EXAMINATION

Mr. Esho reserves the right to retain an examiner of his own selection and to present that examiner's evidence at the hearing conducted under 18 U.S.C. § 4247(d). Mr. Esho does not state at this time whether he will do so, and will be better positioned to decide once the Court-designated examiner's report is filed.

Mr. Esho acknowledges that § 4247(b) affords a person to be examined the right to select an additional examiner only in proceedings under §§ 4245, 4246, and 4248, and not in a proceeding under § 4241. Mr. Esho therefore does not assert a statutory entitlement, and presents the matter as one committed to the Court's discretion. Mr. Esho notes that § 4247(b) expressly permits the Court to order more than one examination.

## V. PROPOSED DATES FOR STATUS HEARING

On October 29, 2026, the Court set an interim status date on December 14, 2026, and Order counsel to provide alternate dates of availability. Mr. Esho respectfully proposes the following dates: December 8, 2026, January 5, 2027, or January 12, 2027.

Mr. Esho respectfully requests that the Court (1) find reasonable cause under 18 U.S.C. § 4241(a); (2) order a psychiatric or psychological examination and report under 18 U.S.C. §§ 4241(b) and 4247(b) and (c); (3) designate a board-certified neuropsychologist to conduct that examination; (4) commit Mr. Esho under 18 U.S.C. § 4247(b) for placement at a Bureau of Prisons medical referral center that performs examinations under 18 U.S.C. § 4241, with designation to the Federal Medical Center, Lexington, Kentucky, or the Federal Medical Center, Rochester, Minnesota, requested, and direct that designation and transportation be effected forthwith; (5) direct that the examination comprise the domains and address the questions set forth above; and (6) set a status conference on one of the dates proposed above.

Dated: November 13, 2026

Respectfully submitted,

***/s/ David Tarras***
David Tarras, Esq.
Florida Bar No. 125746
Law Office of David Tarras, PLLC
1200 North Federal Highway, Suite 300
Boca Raton, Florida 33432
Phone: (954) 592-9416
David@TarrasDefense.com
***Local Sponsoring Counsel Only***

*/s/Matthew Amarin* (admitted pro hac vice)
Amarin Law, PLLC
1935 W. Belmont Avenue
Chicago, Illinois 60657
(773) 503-8223
matthew.amarin.esq@gmail.com
*Counsel for Defendant Martin Esho*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date set forth above, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record.

***/s/ David Tarras***